**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**DENIS ANCELMO REYES BENITEZ**,

    *Petitioner*,

    v.                                       Case No. 2:26-cv-02956-BCL-tmp

**CHRISTOPHER BULLOCK**,
**MARKWAYNE MULLIN,**
**RICHARD PFIFER,**

    *Respondents*.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Denis Ancelmo Reyes Benitez has filed a Petition for Writ of Habeas challenging his detention without an individualized hearing. Doc. 1 at 12. He seeks either an individualized bond hearing or an immediate release from custody. *Id.* For the reasons that follow, the Petition is **DENIED**.

As a preliminary housekeeping matter, the United States Court of Appeals for the Sixth Circuit has held that the "district director"—now the Field Office Director—for the place of confinement is the proper respondent to a Section 2241 petition filed by an alien challenging his confinement. *See Roman v. Ashcroft*, 340 F.3d 314, 320–21 (6th Cir. 2003). Here, that is now Christopher Bullock, Field Office Director for the New Orleans Field Office, United States Immigration and Customs Enforcement. The Clerk **SHALL** modify the docket to remove Markwayne Mullin and Richard Pfifer. *See* Fed. R. Civ. P. 25(d). These respondents are **DISMISSED.**

Petitioner has failed to exhaust his administrative remedies: He has not followed through on his bond request before the immigration court nor, in the event of an adverse decision, appealed to the Board of Immigration Appeals. The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

Exhaustion is prudential in this context, but Petitioner has offered no persuasive justification for why it should be excused here. Petitioner argues only that the immigration court might decline jurisdiction due to a transfer (presumably followed by affirmance from the BIA, on Petitioner's speculation). But Petitioner is speculating that this result might occur, as the BIA decision he cites dealt with a petition for custody determination that was newly filed after the transfer, and not (as here) a pending petition for custody redetermination. *See Matter of Aybar*, 29 I&N Dec. 736 (BIA 2026), cited at Doc. 7 at 2. Speculation that an argument likely will fail before

administrative authorities does not suffice to excuse exhaustion. *See Smith v. United States SEC*, 178 F.4th 312, 324-25 (6th Cir. 2026).

## **CONCLUSION**

Plaintiff's Petition for Writ of Habeas Corpus (Doc. 2) is **DENIED**. The Motion to Expedite (Doc. 7) is **DENIED** as moot.

**IT IS SO ORDERED**, this 5th day of August, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE